IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GABRIELLA MCADOO fka<br>ELVIA G. CAMANCHO AND<br>ELVIA WARREN,<br><br>Plaintiff,<br><br>V.<br><br>THE LIBERTY LIFE ASSURANCE<br>COMPANY OF BOSTON<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. |

COMPLAINT

Plaintiff, Gabriella McAdoo fka Elvia G. Camancho and Elvia Warren (“Plaintiff”), for her Complaint against Defendant The Liberty Life Assurance Company of Boston (“Defendant”), would show as follows:

Parties, Jurisdiction and Venue

1. Plaintiff is an individual.

2. Defendant is a corporation and may be served through its registered agent for service of process in Texas, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

3. Jurisdiction is proper on the ground of the existence of a federal question under 28 U.S.C. § 1331 based on Plaintiff's claim under the Employee Retirement Income Security Act, 29 U.S. C. §1001 et seq. (“ERISA”).

4. Venue is proper. Plaintiff resides in Canton, Texas, in Van Zandt County, a county within this District.

Facts

5. Plaintiff was employed by Stanford Hospital and Clinics ("Stanford") in Palo Alto, California, an insured of Defendant, as a trauma nurse coordinator from January 2007, though date was adjusted by human resources to April 2007, through January 24, 2014. Beginning in 2010, Plaintiff became disabled from continuing to work in her position at Stanford as a result of severe headaches, back pain, knee pain, neck pain and foot drop, with a history of Cauda Equina syndrome and falls. Despite the severity of her medical conditions, Plaintiff made several attempts to return to work at Stanford, working intermittently through several medical leaves from July 2010 through September 2010, July 2012 through September 2012 and December 2012 to May 2013. After ceasing work, Plaintiff received short-term disability benefits. Plaintiff then made a claim under a long-term disability policy issued by Defendant. Plaintiff received benefits under it from November 21, 2013 through October 27, 2017. During such period, Plaintiff provided or arranged for the provision of medical and other records to substantiate her claim under the long-term disability policy. These included medical and other records as to disabling medical conditions arising subsequent to November 21, 2013, not only disabling conditions existing as of November 21, 2013.

6. By letter dated October 30, 2017, Plaintiff was denied benefits under the long-term disability policy beyond October 27, 2017 purportedly because she no longer met the standard of disability applicable after the first 24 months of benefits under Defendant's long-term disability policy: that a claimant is unable to perform, with reasonable continuity, all of the material and substantial duties of his own or any other occupation for which she is or becomes reasonably fitted by training, education, experience, age and physical and mental capacity (the "post-24 month disability standard). However, as of October 27, 2017, Defendant had paid

benefits to Plaintiff under the post-24 month standard for 23 months after paying benefits to Plaintiff for 24 months under a standard that, during the first 24 months of benefits under Defendant's long-term disability policy, a claimant is unable to perform all the material and substantial duties of his occupation (the "pre-24 month standard").

7. By letter dated April 27, 2018, Plaintiff appealed the October 30, 2017 denial of long-term disability benefits, and provided or arranged for the provision of additional medical records to substantiate her claim under the long-term disability policy.

8. By letter dated June 26, 2018, Defendant upheld its October 27, 2017 denial of long-term disability benefits to Plaintiff.

9. On information and belief, Defendant obtained records directly from Stanford or through a third-party which were incomplete or inaccurate, or both.

10. In the June 26, 2018 denial, Defendant improperly relied upon a standard of disability distinct from that provided for in the governing policy, improperly ignored Plaintiff's current medical condition and testing of such condition and specific determinations of Plaintiff's disability under the post-24 month standard based on such condition, improperly ignored certain medical records of Plaintiff, improperly misrepresented certain medical records of Plaintiff, improperly dismissed the significance of other medical records of Plaintiff and improperly ignored other statements of Plaintiff's impairments.

11. In connection with its disposition of the claim of Plaintiff under the long-term disability benefits policy as to long-term disability benefits beyond October 27, 2017, Defendant engaged in conduct not consistent with its fiduciary duty to Plaintiff under ERISA and in violation of provisions of ERISA and regulations promulgated pursuant to ERISA, including Section 1133(2) of ERISA, requiring that a participant whose claim for benefits has been denied be

afforded a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision denying his claim, and one or more of the requirements of 29 CFR 2560.503-1, including the requirement of 29 CFR 2560.503-1(b)(3) that claims procedures do not contain any provision, and are not administered in a way, that unduly inhibits or hampers initiation or processing of claims for benefits, the requirement of 29 CFR 2560.503-1(b)(5) that administrative provisions or safeguards contained in the claims procedure to insure that any benefit claim determinations be made in accordance with governing plan documents and that plan provisions be applied consistently with respect to similarly situated claimants, the requirement of 29 CFR 2560.503-1(b)(7) that all claims and appeals be adjudicated in a manner designed to assure the independence and impartiality of the persons involved in making the decision, the requirements of 29 CFR 2560.503-1(g)(i)-(iv) and (vii) as to the content of any adverse benefit determination, if the requirement of 29 CFR 2560.503-1(h)(2)(iv) that a fiduciary take "into account all comments, documents, records and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination," the requirement of 29 CFR 2560.503-1(h)(3)(iii) that any medical judgment must be the result of consultation with a health care professional with appropriate training and procedures and experience in the field of medicine involved in the medical judgment, the requirement of 29 CFR 2560.503-1(h)(3)(iv) that any medical or vocational experts whose advice was obtained in connection with an adverse benefit determination be identified without regard to whether the advice was relied upon in making the benefit determination, the requirement of 29 CFR-2560.503-1(h)(3)(v) that any health care professional engaged for purposes of a consultation in connection with an appeal of an adverse benefit determination should be an individual who is neither the individual who made the adverse benefit determination that is the subject of the appeal,

nor the subordinate of such individual, the requirement, to the extent applicable, of 29 CFR 2560.503-1(h)(4), that any new or additional evidence or new or additional rationale supporting any adverse benefit determination be provided to claimant, and the claimant given an opportunity to respond, as provided for in subsection (h)(4)(i) and (ii), the requirements of 29 CFR 2650.503-1(j)(1)-(4) and (6) as to the manner and content of a benefit determination on review, including the requirements of subsections (2) (3) and (4) as to the specific reasons for the determination, reference to the specific plan provision on which the determination is based and a description of any applicable contractual limitation period applicable to an action under ERISA on the claimant's claim, and the requirements of 29 CFR 2650.503-1(j)(6) that any adverse benefit decision with respect to disability benefits include

(i)(a) discussion of the decision, including an explanation of the basis for disagreeing with or not following:

(A) The views presented by the claimant to the plan of health care professionals treating the claimant and vocational professionals who evaluated the claimant;

(B) The views of medical or vocational experts whose advice was obtained on behalf of the plan in connection with a claimant's adverse benefit determination, without regard to whether the advice was relied upon in making the benefit determination; and

(C) A disability determination regarding the claimant presented by the claimant to the plan made by the Social Security Administration;

(ii) If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, either an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances, or a statement that such explanation will be provided free of change upon request; and

(iii) Either the specific internal rules, guidelines, protocols, standards or other similar criteria of the plan relied upon in making the adverse determination or, alternatively, a statement that such rules, guidelines, protocols, standards or other similar criteria of the plan do not exist.

12. Based on the terms of the governing long-term disability benefits policy, Defendant's June 26, 2018 denial of long-term disability benefits to Plaintiff is subject to de novo review and, so reviewed, must be determined to have been wrong, Alternatively, based on Defendant's violation of one or more requirements of 29 CFR 2560.503-1, Defendant's June 26, 2018 denial of long-term disability benefits is subject to de novo review and, so reviewed, must be determined to have been wrong. Alternatively, based on the application, pursuant to 29 U.S.C. § 1144(b)(2)(A), of Section 1701.062 of the Texas Insurance Codes and Title 28, Part 1, Chapter 3, Subchapter M, Rules 3.201(c), 3.1202 and 3.1203 of the Texas Administrative Code, 28 Texas Administrative Code 3.201 et seq., Defendant's June 26, 2018 denial of long-term disability benefits is subject to de novo review and, so reviewed, must be determined to have been wrong. Again in the alternative, in the event Defendant's June 26, 2018 denial of long-term disability benefits is subject to review only for abuse of discretion, Defendant, to the extent of any such discretion, abused it.

Claims

13. For first cause of action, Plaintiff would show that Defendant wrongfully denied benefits to him under Defendant's long-term disability policy. Defendant is accordingly liable under Section 1132(a)(l)(B) of ERISA for all benefits due but not paid to Plaintiff under the long-term disability benefits policy, prejudgment interest thereon and his attorney's fees and expenses and costs of court.

## Alternative Relief

14. In light of Defendant's violation of one or more requirements of 29 CFR 2560.503-1, and my deficiency in records provided to Defendant by Stanford, remand of Plaintiff's claim against Defendant for further administrative review may be appropriate prior to full adjudication by this Court of Plaintiff's claim, and Plaintiff accordingly reserves the right to seek remand.

WHEREFORE, Plaintiff prays this Court grant his judgment against Defendant for all appropriate relief.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 379-0823
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFF