**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMANT DIVISION**

| | | |
|---|---|---|
| GABRIELLA MCADOO fka | § | |
| ELVIA G. CAMANCHO AND | § | |
| ELVIA WARREN, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 4:18cv00729-ALM-KPJ |
| | § | |
| VS. | § | |
| | § | |
| LIBERTY LIFE ASSURANCE | § | |
| COMPANY OF BOSTON | § | |
| | § | |
| Defendant. | § | |

**REPORT OF RULE 26(f) PLANNING MEETING**

Pursuant to the Court's Order of November 26, 2018, and Federal Rule of Civil Procedure 26(f), a meeting was held on December 6, 2018, and at various times thereafter, and was attended by Robert E. Goodman, Jr., on behalf of Plaintiff Gabriella McAdoo ("Plaintiff"), and Iwana Rademaekers on behalf of Defendant Liberty Life Assurance Company of Boston ("Defendant"), and the parties file this report and respectfully show the Court as follows:

**1. A brief factual and legal synopsis of the case.**

Plaintiff seeks recovery of long term disability benefits from Liberty Life pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Plaintiff alleges Liberty Life wrongfully terminated her claim for benefits. Liberty Life alleges that Plaintiff cannot recover from it because the decisions made on Plaintiff's claim for benefits were not an abuse of discretion based on the administrative record for the claim and the relevant policy. Alternatively, any recovery by Plaintiff must be reduced by other income earned by Plaintiff, including income from the Social Security Administration. Both Plaintiff and Defendant have claimed attorneys' fees pursuant to 29 U.S.C. § 1132(e).

**2. The jurisdictional basis for this suit.**

This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1332(e) and (f).

**3. A list of the correct names of the parties to this action and any anticipated additional or potential parties.**

Plaintiff, Gabriella McAdoo
Defendant, Liberty Life Assurance Company of Boston

At this time, the Parties are unaware of any other parties who should be joined.

**4. A list of any cases related to this case pending in any state or federal court.**

None.

**5. Confirm that the initial disclosure required by Rule 26(a)(1) and this order has been completed.**

Liberty Life has already produced to Plaintiff a copy of the ERISA administrative record. The parties agree that this production will satisfy the requirement for Initial Disclosures pursuant to FRCP 26(a)(1)(B).

**6. Proposed Scheduling Order Deadlines.**

The above-styled action is a claim by Plaintiff for recovery of disability benefits. Plaintiff and Defendant agree Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001, et seq. ("ERISA"). As such, the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and briefing. To facilitate the submission of the case to the Court, the parties propose the following deadlines in lieu of the deadlines requested in the standard schedule:

| | |
|---|---|
| March 6, 2019 | All discovery shall be commenced in time to be completed by this date. |
| April 3, 2019 | Deadline to mediate the case |
| April 17, 2019 | Joint Stipulated Record to be filed by the Parties |
| May 6, 2019 | Parties' Opening Briefs to be filed |
| May 20, 2019 | Parties' Response Briefs to be filed |

7. **Items described in accordance with Rule 26(f):**

   i. **The subjects upon which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

   The subjects on which discovery may be needed include the relevant documents governing the plan, the administrative record, and offsets under the plan documents. Plaintiff may seek additional discovery pertaining to Defendant's conflict in administering Plaintiff's claim. Discovery is expected to be completed by March 6, 2019, and does not need to be conducted in phases.

   ii. **Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

   Any otherwise discoverable electronically stored information generated as part of the claim process should be produced as part of the claim file, and that disclosure or discovery of any such information should be handled in accordance with the Federal Rules of Civil Procedure.

   iii. **Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreement reached under Federal Rule of Evidence 502.**

   The parties do not anticipate any issues regarding attorney-client privilege or work product protections under Federal Rule of Evidence 502.

   iv. **Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.**

   No changes.

   v. **Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).**

   None at this time.

8. **State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator, and a proposed deadline for mediation.**

   The parties believe that non-binding mediation is an appropriate alternative dispute resolution method for resolving this matter if their discussions are not successful. The Parties believe mediation will be most effective after the completion of

discovery and prior to the opening briefs deadline. The parties do not request appointment of a mediator at this time.

**9. The identity of persons expected to be deposed.**

The parties will not take any depositions in this case.

**10. Estimated trial time and whether a jury demand has been timely made.**

The Parties believe that the case will be resolved through joint submission of a stipulated record with briefing to the court. However, if a trial is needed, the Parties estimate that 1 day will be required and propose a trial date in July 2019.

**11. The names of the attorneys who will appear on behalf of the parties at the management conference.**

**For the Plaintiff:**
Robert E. Goodman, Jr.
Texas State Bar No. 08158100
KILGORE & KILGORE, PLLC
3109 Carlisle Street
Dallas, TX 75204
PH: (214) 379-0823
FX: (214) 953-0133
EM: reg@kilgorelaw.com
Attorneys for Plaintiff

**For the Defendant:**
Iwana Rademaekers
State Bar of Texas No. 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
PH: (214) 579-9319
FX: (469) 444-6456
Email: iwana@rademaekerslaw.com
Attorneys for Defendant

**12. Whether the parties jointly consent to trial before a magistrate judge.**

The parties do not jointly consent to a trail before a magistrate judge.

**13. Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve special attention of the Court at the management conference.**

Because this is an action governed by ERISA, the parties request that the Court enter a briefing schedule, and propose that the Stipulated Record be filed by April 17, 2019, the parties' Opening Briefs be filed on May 6, 2019, and the parties' Response Briefs on May 20, 2019.

DATED this 3rd day of January 2019

Respectfully submitted,

By: /s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
Texas Bar No. 08158100

KILGORE & KILGORE, PLLC
3109 Carlisle Street
Dallas, Texas 75204
PH: (214) 379-0823
FX: (214) 379-0840
Email: reg@kilgorelaw.com

ATTORNEYS FOR PLAINTIFF

AND

By: /s/ Iwana Rademaekers
Iwana Rademaekers
State Bar of Texas No. 16452560

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT