**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **GABRIELLA MCADOO fka** | **§** | |
| **ELVIA G. CAMANCHO, and** | **§** | |
| **ELVIA WARREN,** | **§** | |
| | **§** | **CIVIL ACTION NO. 4:18-CV-00729** |
| **Plaintiffs,** | **§** | **JUDGE MAZZANT/JUDGE JOHNSON** |
| | **§** | |
| **v.** | **§** | |
| | **§** | |
| **LIBERTY LIFE ASSURANCE** | **§** | |
| **COMPANY OF BOSTON,** | **§** | |
| | **§** | |
| **Defendant.** | **§** | |

## SCHEDULING ORDER

The Court, after review of the pleaded claims and defenses in this case and the parties' Joint Rule 26(f) Report, as well as the record of the Scheduling Conference held on January 28, 2019, enters this case-specific Order which controls disposition of this action pending further order of the Court. The following actions shall be completed by the date indicated.

| **Deadline** | **Activity** |
|---|---|
| February 20, 2019 | Deadline by which the parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one. |
| March 6, 2019 | All discovery shall be commenced in time to be completed by this date. |
| April 3, 2019 | Mediation must occur by this date. |
| April 17, 2019 | Joint Stipulated Record to be filed by this date. |
| May 6, 2019 | The parties' opening briefs shall be filed by this date. |
| May 31, 2019 | The parties' responsive briefs shall be filed by this date. |

| Deadline | Activity |
| --- | --- |
| To be determined | Within 14 days of the Court's ruling on the ERISA claims, he parties must submit a Proposed First Supplemental Scheduling Order, addressing the deadlines for any remaining claims, as set forth in the Court's Order Governing Proceedings (Dkt. 5). |

## DISCOVERY

Electronically Stored Information (ESI). The parties agree that any otherwise discoverable electronically stored information generated as part of the claim process should be produced as part of the claim file, and that disclosure or discovery of any such information should be handled in accordance with the Federal Rules of Civil Procedure.

Privileged Material.. The parties advise the Court they do not anticipate any issues regarding attorney-client privilege or work product protections under Federal Rule of Evidence 502.. If a protective order is required, the Parties shall submit a proposed agreed protective order using the form order on the undersigned's page on the Court's website. To the extent the parties wish to propose modified language to address issues specific to this lawsuit, such modified language shall be identified by using variations in font and/or typeface.

502(d) Inadvertent Disclosure. If any discovery material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity, or ground on which production of that information should not be made to any Party is inadvertently produced, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity. Notwithstanding the foregoing, any party may challenge privilege assertion for any inadvertently produced information..

Any party receiving any such inadvertently produced documents or information shall return them to the producing party, upon request, within three (3) business days of receiving such request, delete any versions of the documents it maintains, and make no use of the information contained therein regardless of whether the receiving party agrees with the claim of privilege and/or work product protection. Nothing in this Order shall prevent a receiving party from challenging the privilege or protection asserted by the producing party. Pursuant to Fed. R. Civ. P. 26, the producing party bears the burden of establishing the privilege or protection of all such challenged documents.

Discovery Disputes. In the event the parties encounter a discovery dispute, no motions to compel may be filed absent leave of the Court. If the parties are unable to resolve the dispute without court intervention, the parties must then call the Court's chambers to schedule a telephone conference regarding the subject matter of the dispute prior to filing any motion to compel. After reviewing the dispute, the Court will resolve the dispute or order the parties to file an appropriate motion. The parties should only call the discovery hotline if efforts to reach chambers are unsuccessful.

Any otherwise discoverable electronically stored information generated as part of the claim process should be produced as part of the claim file, and that disclosure or discovery of any such information should be handled in accordance with the Federal Rules of Civil Procedure.

**COMPLIANCE**

A party is not excused from the requirements of this scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure or because another party has failed to comply with this order or the rules.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure or this order may result in the exclusion of evidence at trial, the imposition of sanctions by the Court, or both. If a fellow member of the Bar makes a just request for cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent. However, the Court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order. *See* Local Rule AT-3(j).

**OTHER MATTERS**

1. Please note the amendments to the Local Rules regarding motion practice. If a document filed electronically exceeds ten pages in length, including attachments, a paper copy of the filed document must be sent contemporaneously to the undersigned's chambers in Sherman. *See* Local Rule CV-5(a)(9). Courtesy copies over twenty pages long should be bound to the left, and voluminous exhibits should be separated by dividers.

2. If applicable, the parties should notify the Court if the parties are interested in having this case submitted to a Magistrate Judge for settlement conference.

3. Any reply or sur-reply must be filed in accordance with Local Rule CV-6 and Local Rule CV-7(f).

**IT IS SO ORDERED.**

**SIGNED this 8th day of February, 2019.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE