# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **GABRIELLA MCADOO f/k/a ELVIA G. CAMANCHO, and ELVIA WARREN,** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **Civil No. 4:18-cv-729-ALM-KPJ** |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,** | § | |
| **Defendant.** | § | |

**ORDER OF DISMISSAL**

Pending before the Court is the parties' Joint Stipulation of Dismissal with Prejudice (the "Stipulation") (Dkt. #11), filed by Plaintiff Gabriella McAdoo f/k/a Elvia G. Camancho and Elvia Warren and Defendant Liberty Life Assurance Company of Boston (together, the "Parties"). In the Stipulation, the Parties represent they resolved their differences to their mutual satisfaction and agree to dismissal of this case against all Defendants with prejudice, each party to bear its own costs. *See* Dkt. #11.

Federal Rule of Civil Procedure 41(a)(1) provides that a plaintiff may voluntarily dismiss an action without court order in one of two ways: (1) a plaintiff may dismiss an action under Rule 41(a)(1)(A)(i) by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1); or (2) a plaintiff may dismiss an action under Rule 41(a)(1)(A)(ii) by filing "a stipulation of dismissal signed by all parties who have appeared." *Id*. As such, formal court action is not necessary in this case. However, the Court finds

that in the interest of efficiency, justice, and maintaining the clarity of the record, an entry of order of dismissal is appropriate.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED** that this entire action, and all of the claims asserted therein, be **DISMISSED WITH PREJUDICE**. Each party shall bear its own costs.

All relief not previously granted is hereby **DENIED**, and the Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

**SIGNED this 13th day of May, 2019.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE